**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER AIELLO,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:07-cv-1794-Orl-28KRS**

**DAYTONA BEACH LINCOLN**
**MERCURY, INC.,**

                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. The parties Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice, doc. no. 9, has been referred to me by the presiding district judge to determine whether the settlement is fair.

       Defendant Daytona Beach Lincoln Mercury, Inc. represents that it has paid Plaintiff all wages possibly due under the FLSA, including liquidated damages. Doc. No. 7. Plaintiff Peter Aiello does not dispute this representation. *See* Doc. No. 9. Accordingly, because Plaintiff received all past due compensation to which he was arguably entitled under the FLSA, the settlement is fair. *See*

*MacKenzie v. Kindred Hosps. East, LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)("*Lynn's Food Stores* addresses judicial oversight of 'compromises of FLSA claims . . . . Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise . . . [and] there is no need for judicial scrutiny.").

Accordingly, I recommend that the Court **GRANT** in part the Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice, doc. no. 9, find that the settlement payment made to Plaintiff was fair, and dismiss the case with prejudice. Because the parties did not file the settlement agreement, the Court should not approve the settlement agreement as a whole, and should not retain jurisdiction to enforce the agreement. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)(The Court will not approve a settlement agreement unless it is filed in the public record). Accordingly, I recommend that the Court **DENY** the Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice, doc. no. 9, to the extent that it seeks approval of the settlement agreement as a whole.

I further recommend that the Court **DENY** Defendant's Tender of Full Payment and Motion to Dismiss Plaintiff's Complaint with Prejudice, doc. no. 7, as moot. Finally, I recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

  Recommended in Orlando, Florida on January 3, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties